**FILED**
**JANUARY 29, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**JUDGE LEFKOW**
**MAGISTRATE JUDGE COLE**

**07 C 557**

**WAH**

PDT:ee #20075

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRENDA RILES, Special Administrator of the Estate of SALLIE RILES, Deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 05 L 11176 |
| SCHWAB REHABILITATION HOSPITAL, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, SANG HUN SUH, M.D., HUGO ALVAREZ, M.D., B. SARAVANAN, M.D. and AL-JAGHBEER, M.D., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT AT LAW

### COUNT I - WRONGFUL DEATH

NOW COMES the Plaintiff, BRENDA RILES, Special Administrator of the Estate of SALLIE RILES, Deceased, by her attorneys, PAUL B. EPISCOPE, LLC, and complaining of the Defendants, SCHWAB REHABILITATION HOSPITAL, and SANG HUN SUH, M.D., and each of them, states as follows:

1. On or about August 20, 2003, the Decedent, SALLIE RILES, was admitted to SCHWAB REHABILITATION HOSPITAL during which time she came under the professional medical and hospital care of certain physicians and members of the medical staff, including the Defendant, SANG HUN SUH, M.D., and various other resident physicians and nurses who were either in the employ of or agents of the Defendant, SCHWAB REHABILITATION HOSPITAL.

2. The Decedent, SALLIE RILES, was admitted to SCHWAB REHABILITATION

Government Exhibit A

HOSPITAL on August 20, 2003 for a two week inpatient rehabilitation program and the decedent was scheduled to be discharged home on September 5, 2003 when she suddenly became unresponsive to verbal and pain stimuli.

3. Due to her deteriorating medical condition and altered mental status, the Decedent, SALLIE RILES, was transferred by ambulance from SCHWAB REHABILITATION HOSPITAL to MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO on September 5, 2003 where she remained until her discharge on October 8, 2003.

4. That at all relevant times hereto, the Defendant, SCHWAB REHABILITATION HOSPITAL, was duly authorized and licensed to engage in the business of hospital operations including providing medical care and treatment of patients.

5. That at all relevant times hereto, the medical staff of the Defendant, SCHWAB REHABILITATION HOSPITAL, which included its physicians and nursing staff, were agents and/or employees of the Defendant, SCHWAB REHABILITATION HOSPITAL, and acting within the scope of their agency and/or employment with and for the Defendant, SCHWAB REHABILITATION HOSPITAL.

6. That at all relevant times hereto, the medical staff of the Defendant, SCHWAB REHABILITATION HOSPITAL, included the Defendant, SANG HUN SUH, M.D.

7. That at all relevant times hereto, the Defendant, SANG HUN SUH, M.D., was an agent and/or employee of the Defendant, SCHWAB REHABILITATION HOSPITAL, and acting within the scope of his agency and/or employment with the Defendant, SCHWAB REHABILITATION HOSPITAL.

8. That at all relevant times hereto, the Defendant, SCHWAB REHABILITATION

HOSPITAL, through its agents and employees, including its physicians and nursing staff, had a duty to exercise ordinary care and conduct itself in accordance with commonly accepted medical and hospital standards of care within the community.

9. That during the subject admission from August 20, 2003 to September 5, 2003, the Defendant, SANG HUN SUH, M.D., and the Defendant, SCHWAB REHABILITATION HOSPITAL, through its agents and employees, including its physicians and nurses, failed to properly assess and monitor the medical condition of the Decedent SALLIE RILES.

10. That at all relevant times hereto, the Defendant, SCHWAB REHABILITATION HOSPITAL, held itself out and otherwise informed the public, and more particularly in the instance of the Decedent, SALLIE RILES, and her family herein, that they operated a full service institution offering a wide range and variety of medical and hospital services and that it possessed the requisite skill, competence, know how, facilities, personnel, staff, equipment and information to properly care for and treat the Decedent, SALLIE RILES, commensurate with the commonly accepted medical and hospital standards of care within the community.

11. The Defendant, SANG HUN SUH, M.D., had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified physicians.

12. That disregarding their duty to meet the standards of medical care in the community and to exercise ordinary care, the Defendant, SANG HUN SUH, M.D., and the Defendant, SCHWAB REHABILITATION HOSPITAL, through its agents and employees, including the Defendant, SANG HUN SUH, M.D., were guilty of one or more of the following

3

careless and negligent acts or omissions, each of which was a violation of the standard of care in the community:

    a.    Failed to properly monitor, diagnose and treat SALLIE RILES' deteriorating medical condition;

    b.    Failed to properly prescribe and administer appropriate medications which were necessary to treat the medical condition of SALLIE RILES;

    c.    Failed to properly move, turn and rotate SALLIE RILES during her hospital confinement so as to prevent the development of pressure ulcers (a/k/a " bed sores");

    d.    Failed to timely recognize, diagnose and treat the early signs and development of pressure ulcers on the body of SALLIE RILES;

    e.    Failed to properly and timely recognize, diagnose and treat the altered mental status of SALLIE RILES;

    f.    Was otherwise careless and/or negligent in the care and treatment rendered to SALLIE RILES during her admission from August 20, 2003 to September 5, 2003.

13. As a proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, SANG HUN SUH, M.D. , and the Defendant, SCHWAB REHABILITATION HOSPITAL, through its agents and employees, the medical condition of SALLIE RILES continued to deteriorate and she ultimately died on October 14, 2003.

14. BRENDA RILES is the duly appointed Special Administrator of the Estate of SALLIE RILES, deceased.

15. Plaintiff's Decedent, SALLIE RILES, left surviving her five children, each of whom have sustained substantial pecuniary loss as a result of the death of SALLIE RILES.

16. That pursuant to 735 ILCS 5/2-622(a)(2), the Plaintiff has attached an attorney's affidavit (See Exhibit "1").

WHEREFORE, the Plaintiff, BRENDA RILES, Special Administrator of the Estate

of SALLIE RILES, Deceased, prays for a verdict by a jury against the Defendants, SCHWAB REHABILITATION HOSPITAL and SANG HUN SUH, M.D., in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County and which would compensate the estate reasonably and fairly for its pecuniary loss.

## COUNT II - SURVIVAL ACTION

NOW COMES the Plaintiff, BRENDA RILES, Special Administrator of the Estate of SALLIE RILES, Deceased, by her attorneys, PAUL B. EPISCOPE, LLC, and complaining of the Defendants, SCHWAB REHABILITATION HOSPITAL and SANG HUN SUH, M.D., and each of them, states as follows:

1-12. Plaintiff realleges, reasserts and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 12 of Count I as her allegations of paragraphs 1 through 12 of this her Count II.

13. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, SANG HUN SUH, M.D., and SCHWAB REHABILITATION HOSPITAL, SALLIE RILES was injured and endured conscious pain and suffering prior to her death.

14. That this cause of action arises under the Survival Act and is brought by the Plaintiff, BRENDA RILES, as the duly appointed Special Administrator of the Estate of SALLIE RILES, Deceased, within two years from the date of death of the decedent so as to recover the damages suffered by the decedent prior to her death.

15. That pursuant to 735 ILCS 5/2-622(a)(2), the Plaintiff has attached an attorney's affidavit (See Exhibit "1").

WHEREFORE, the Plaintiff, BRENDA RILES, Special Administrator of the Estate

of SALLIE RILES, Deceased, prays for a verdict by a jury against the Defendants, SCHWAB REHABILITATION HOSPITAL and SANG HUN SUH, M.D., in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County and which would compensate the estate reasonably and fairly for its pecuniary loss.

## COUNT III - WRONGFUL DEATH

NOW COMES the Plaintiff, BRENDA RILES, Special Administrator of the Estate of SALLIE RILES, Deceased, by her attorneys, PAUL B. EPISCOPE, LLC, and complaining of the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D., and each of them, states as follows:

1. On September 5, 2003, the Decedent, SALLIE RILES, was transferred from SCHWAB REHABILITATION HOSPITAL to MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO for the diagnosis and treatment of an altered mental status where she remained until discharged on October 8, 2003 during which time she came under the professional medical and hospital care of certain physicians and members of the medical staff, including the Defendants, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D. and also including nurses who were either in the employ of or agents of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

2. That at all relevant times hereto, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO was duly authorized and licensed to engage in the business of hospital operations including providing medical care and treatment of patients.

3. That at all relevant times hereto, the medical staff of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, which included its physicians and

nursing staff, were agents and/or employees of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and acting within the scope of their agency and/or employment with and for the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

4. That at all relevant times hereto, the medical staff of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, included the Defendants, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D.

5. That at all relevant times hereto, the Defendants, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D., and each of them, were agents and/or employees of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and acting within the scope of their agency and/or employment with the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

6. That at all relevant times hereto, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, through its agents and employees, including its physicians and nursing staff, had a duty to exercise ordinary care and to conduct itself in accordance with the commonly accepted medical and hospital standards of care within the community.

7. The Defendants, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D., and each of them, had a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well- qualified physicians in the community.

8. That at all relevant times hereto, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO , held itself out and otherwise informed the public, and

7

more particularly in the instance of the Decedent SALLIE RILES and her family herein, that they operated a full service institution offering a range and variety of medical and hospital services and that it possessed the requisite skill, competence, know how, facilities, personnel, staff, equipment and information to properly care for and treat the Decedent, SALLIE RILES, commensurate with the commonly accepted medical and hospital standards of care within the community.

9. During the subject admission at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO from September 5, 2003 until October 8, 2003, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, through its agents and employees, including the Defendants, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGBEER, M.D., failed to properly acknowledge, recognize, assess and diagnose the medical condition of the Decedent, SALLIE RILES, which resulted in the Decedent, SALLIE RILES, developing extremely significant pressure ulcers about her body and these Defendants failed to take the necessary precautions so as to prevent the development of such pressure ulcers.

10. That disregarding its duty to exercise the standard of care commensurate with the accepted medical and hospital standards of the community, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, through its agents and employees, including Defendants, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D., were guilty of one or more of the following careless and negligent acts or omissions, each of which was a violation of the standard of care in the community:

    a. Failed to properly monitor, diagnose and treat SALLIE RILES' deteriorating medical condition;

    b.    Failed to properly prescribe and administer appropriate medications which were necessary to treat the medical condition of SALLIE RILES;

    c.    Failed to properly move, turn and rotate SALLIE RILES during her hospital confinement so as to prevent the development of pressure ulcers (a/k/a "bed sores");

    d.    Failed to timely recognize, diagnose and treat the early signs and development of pressure ulcers on the body of SALLIE RILES;

    e.    Failed to properly and timely recognize, diagnose and treat the altered mental status of SALLIE RILES;

    f.    Discharged SALLIE RILES prematurely on October 8, 2003 when her overall medical condition was such that she should have remained hospitalized for further monitoring, treatment and testing.

    g.    Was otherwise careless and/or negligent in the care and treatment rendered to SALLIE RILES during her admission from September 5, 2003 to October 8, 2003.

11.     As a proximate result of one or more of the aforesaid negligent acts or omissions of the Defendants, SALLIE RILES' medical condition deteriorated which ultimately led to her death on October 14, 2003.

12.     BRENDA RILES is the duly appointed Special Administrator of the Estate of SALLIE RILES, Deceased.

13.     Plaintiff's Decedent, SALLIE RILES, left surviving her five children, each of whom have sustained substantial pecuniary losses as a result of the death of SALLIE RILES.

14.     That pursuant to 735 ILCS 5/2-(a)(2), the Plaintiff has attached an attorney's affidavit (See Exhibit "1").

WHEREFORE, the Plaintiff, BRENDA RILES, Special Administrator of the Estate of SALLIE RILES, Deceased, prays for a verdict by a jury against the Defendants, MOUNT

9

SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D., and each of them, in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County and which would compensate the estate reasonably and fairly for its pecuniary loss.

## COUNT IV - SURVIVAL ACTION

NOW COMES the Plaintiff, BRENDA RILES, Special Administrator of the Estate of SALLIE RILES, Deceased, by her attorneys, PAUL B. EPISCOPE, LLC, and complaining of the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D., and each of them, states as follows:

1-10. Plaintiff realleges, reasserts and incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 10 of Count III as her allegations of paragraphs 1 through 10 of this her Count IV.

11. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, SALLIE RILES was injured and endured conscious pain and suffering prior to her death.

12. That this cause of action arises under the Survival Act and is brought by the Plaintiff, BRENDA RILES, as the duly appointed Special Administrator of the Estate of SALLIE RILES, Deceased, within two years from the date of death of the Decedent so as to recover the damages suffered by the Decedent prior to her death.

13. That pursuant to 735 ILCS 5/2/622(a)(2), the Plaintiff has attached an attorney's affidavit (See Exhibit "1").

WHEREFORE, the Plaintiff, BRENDA RILES, Special Administrator of the Estate

of SALLIE RILES, Deceased, prays for a verdict by a jury against the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, HUGO ALVAREZ, M.D., B. SARAVANAN, M.D., and AL-JAGHBEER, M.D., and each of them, in an amount in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County and which would compensate the estate reasonably and fairly for its pecuniary loss.

PAUL B. EPISCOPE, LLC

By: _____
Peter D. Tarpey

Attorney No. 20075
PAUL B. EPISCOPE, LLC
77 W. Washington St., Suite 300
Chicago, IL 60602
312/782-6636

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served by Mail | 2321 - Served by Mail | |
| 2420 - Served by Publication | 2421- Served by Publication | |
| Summons | ALIAS SUMMONS | (Rev. 12/22/92) CCG-1 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRENDA RILES, Special Administrator of the )
Estate of SALLIE RILES, Deceased, )
           Plaintiff, )
      v. ) NO. 05 L 011176
SINAI HEALTH SYSTEM, d/b/a Schwab )
Rehabilitation Hospital and )
Mount Sinai Hospital, )
SCHWAB REHABILITATION HOSPITAL, )
MOUNT SINAI HOSPITAL, )
SANG HUN SUH, M.D., )
HUGO ALVAREZ, M.D., )
B. SARAVANAN, M.D. and )
AL-JAGHBEER, M.D., )
           Defendants. )

## SECOND ALIAS SUMMONS

**PLEASE SERVE:** Hugo Armando Alvarez, M.D., Plaza Medical Center, 2507 W. Cermak, Chicago, IL 60608

To each defendant:
    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.
To the Officer:
    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                                        APR 4 4 2006
WITNESS, _____, 2005

                          Clerk of Court    DOROTHY BROWN

| Name | PAUL B. EPISCOPE, LLC |
|---|---|
| Attorney for | Plaintiff |
| Address | 77 W. Washington St., Suite 300 |
| City | Chicago, IL 60602 |
| Telephone No. | 312/782-6636 |
| Atty. No. | 20075 |

**Service by Facsimile Transmission will be accepted at _____
                                   (Area Code) (Facsimile Telephone Number)
DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Law Division Room 801
Chancery - Divorce Room 802
County Division Room 801
Probate Division Room 1202

